UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 25cr10432 |
| v. | Violations: |
| ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Count One: Money Laundering Conspiracy (18 U.S.C. § 1956(h)) |
| (2) DONALD RAY LOWERY, | Count Two: Conspiracy to Distribute and to Possess with Intent to Distribute 400 Grams or More of Fentanyl (21 U.S.C. § 846) |
| Defendants | Money Laundering Forfeiture Allegation: (18 U.S.C. § 982(a)(1)) |
| | Drug Forfeiture Allegation: (21 U.S.C. § 853) |

INDICTMENT

COUNT ONE
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Grand Jury charges:

From at least on or about April 26, 2020, through on or about November 19, 2020, in

Boston, Lawrence, and Lowell, in the District of Massachusetts, in Columbus, in the Northern

District of Ohio, Mexico, and elsewhere, the defendants,

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

(2) DONALD RAY LOWERY,

conspired with each other and with others known and unknown to the Grand Jury to conduct and

attempt to conduct a financial transaction knowing that the property involved in such transaction

represented the proceeds of some form of unlawful activity, and which in fact involved the

1

proceeds of specified unlawful activity, that is, the distribution of controlled substances, in violation of Title 21, United States Code, Section 841, and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

COUNT TWO
Conspiracy to Distribute and to Possess with Intent to
Distribute 400 Grams or More of Fentanyl
(21 U.S.C. § 846)

The Grand Jury further charges:

On or about April 26, 2023, in the District of Massachusetts, the District of New Jersey,

Mexico, and elsewhere, the defendant,

conspired with other persons known and unknown to the Grand Jury, to knowingly and

intentionally distribute and possess with intent to distribute a mixture and substance containing a

detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as

fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section

841(a)(1).

It is further alleged that the offense charged in Count Two involved 400 grams or more of

a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-

piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi) is applicable to this Count.

It is further alleged that, with respect to Count Two, 400 grams or more of a mixture and

substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]

propanamide, a Schedule II controlled substance, were reasonably foreseeable by, and are

attributable to,                                           . Accordingly, Title 21, United States Code,

Section 841(b)(1)(A)(vi) is applicable to

All in violation of Title 21, United States Code, Section 846.

3

MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

1.    Upon conviction of the offense in violation of Title 18, United States Code, Section

1956(h), set forth in Count One, the defendants,

(2) DONALD RAY LOWERY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any

property, real or personal, involved in such offense, and any property traceable to such property.

2.    If any of the property described in Paragraph 1, above, as being forfeitable pursuant

to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the

defendants—

        a.  cannot be located upon the exercise of due diligence;

        b.  has been transferred or sold to, or deposited with, a third party;

        c.  has been placed beyond the jurisdiction of the Court;

        d.  has been substantially diminished in value; or

        e.  has been commingled with other property which cannot be divided without
           difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

4

## DRUG FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

1.     Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count Two, the defendant,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

2.     If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant—

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third party;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

5

A TRUE BILL



FOREPERSON

SANDRA GONZALEZ SANCHEZ
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: November 18, 2025
Returned into the District Court by the Grand Jurors and filed.

/s/ Leonardo T. Vieira, 12:06pm

DEPUTY CLERK

6